IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALTA MEDICAL SPECIALTIES, LLC,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>SUREFIRE MEDICAL, INC., d/b/a TRISALUS LIFE SCIENCES,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS COUNTS II, III, AND IV OF PLAINTIFF'S COMPLAINT AND TO STRIKE REQUEST FOR PUNITIVE DAMAGES<br><br>District Judge Ted Stewart<br><br>Case No. 2:21-CV-273-TS-JCB |

Plaintiff Alta Medical Specialties, LLC ("Alta Medical") brings four state-law claims against Defendant Surefire Medical, Inc. d/b/a TriSalus Life Sciences ("TriSalus"): (I) breach of contract, (II) breach of the implied covenant of good faith and fair dealing, (III) unjust enrichment, and (IV) tortious interference with economic relations. Alta Medical also seeks punitive damages. Now before the Court is TriSalus's Partial Motion to Dismiss Counts II, III, and IV of Plaintiff's Complaint and to Strike Request for Punitive Damages. For the following reasons, the Court will grant the Motion in part and deny it in part.

I.　　　BACKGROUND

The following background comes from allegations in Alta Medical's Complaint.[1] TriSalus manufactures and sells products that treat liver cancer, and Alta Medical specializes in

---

[1] Docket No. 7-1.

1

selling and distributing medical products. In the spring of 2020, TriSalus contacted Alta Medical to inquire about using Alta Medical's sales and distribution services for its products. Before entering into a contract with TriSalus, Alta Medical voiced its concern that TriSalus would be impatient with sales revenues because TriSalus is a venture-capital-backed company. To alleviate Alta Medical's concern, the parties negotiated a six-month ramp-up period that would not have a sales quota.

On June 2, 2020, Alta Medical and TriSalus entered into an Exclusive Distributor Agreement (the "Agreement") under which Alta Medical had the exclusive right to sell and distribute TriSalus's products in a certain region for a two-year period. The Agreement includes the six-month ramp-up period provision, and it details the process for terminating the Agreement for cause and without cause.

On September 16, 2020, TriSalus expressed some concerns about Alta Medical's sales representative turnover and its ability to access hospitals during COVID-19. At that time, TriSalus also told Alta Medical, for the first time, that TriSalus needed to reach $50,000,000 in annual revenue by 2022. About six weeks later, Alta Medical followed up about the changes it made to address TriSalus's concerns. TriSalus represented that it was satisfied with Alta Medical's efforts and the relationship.

However, the relationship started to break down early in 2021. On January 15, 2021, TriSalus told Alta Medical that TriSalus's direct sales representatives were outperforming Alta Medical's sales representatives. About two weeks later, TriSalus informed Alta Medical that TriSalus would be moving forward with a new sales model and that Alta Medical would have to sign a new contract that would eliminate Alta Medical's exclusive right to sell TriSalus's products and allow TriSalus to sell directly. Alta Medical did not sign the new contract, and on

February 10, 2021, TriSalus's counsel emailed Alta Medical stating that Alta Medical was in breach of the Agreement, that TriSalus had given notice of the breach in a phone call in September 2020, and that the Agreement was terminated for cause. As a result, Alta Medical filed this Complaint against TriSalus in Utah state court on March 11, 2021, and the action was removed to this Court under diversity jurisdiction. Now, TriSalus moves to dismiss three of Alta Medical's claims and to strike the request for punitive damages. This Motion is fully briefed and ready for determination.

## II.     STANDARD OF REVIEW

Under Rule 12(b)(6), a court may dismiss a complaint when it fails to state a claim upon which relief can be granted.[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[4] Legal conclusions alone are not sufficient to state a plausible claim.[5] When reviewing a motion to dismiss, a court must assume all the facts alleged in the complaint are true[6] and view them in the light most favorable to the plaintiff.[7]

---

[2] Fed. R. Civ. P. 12(b)(6); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

[4] *Id.* at 679.

[5] *Id.*

[6] *Hall*, 935 F.2d at 1109.

[7] *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

3

III.    DISCUSSION

The Agreement expressly says Delaware law governs all disputes related to the Agreement.[8] Accordingly, the Court will apply Delaware law to the claims.

A. Breach of the Implied Covenant of Good Faith and Fair Dealing

The implied covenant of good faith and fair dealing "requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain."[9] "The covenant is best understood as a way of implying terms in the agreement, whether employed to analyze unanticipated developments or to fill gaps in the contract's provisions."[10] It is not "a free-floating requirement that a party act in some morally commendable sense. Nor does satisfying the implied covenant necessarily require that a party have acted in subjective good faith."[11] The implied covenant is based "on the contract itself and what the parties would have agreed upon had the issue arisen when they were bargaining originally."[12]

Under Delaware law, a claim for breach of the implied covenant of good faith and fair dealing requires a plaintiff to "allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff."[13] "General allegations of bad

---

[8] Docket No. 7-1, at 28.

[9] *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005) (internal quotation marks and citations omitted).

[10] *Id.* at 441 (internal quotation marks and citations omitted).

[11] *Allen v. El Paso Pipeline GP Co., L.L.C.*, 113 A.3d 167, 182–83 (Del. Ch. 2014) (internal citations omitted).

[12] *Id.* at 183 (quoting *Gerber v. Enter. Prods. Holdings, LLC*, 67 A.3d 400, 419 (Del. 2013)).

[13] *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009) (internal quotations and citation omitted).

faith are not sufficient,"[14] and the implied covenant "does not apply when the contract addresses the conduct at issue."[15] "Rather, the plaintiff must allege a specific implied contractual obligation and allege how the violation of that obligation denied the plaintiff the fruits of the contract."[16]

Alta Medical alleges three implied covenants: that TriSalus (1) "would act in an honest and professional manner," (2) "would allow Alta Medical the six-month ramp up period agreed to by the parties," and (3) "would not wrongfully terminate the Agreement for an improper purpose."[17] The Agreement includes the six-month ramp-up period, so the second alleged covenant is not implied. Only the first and third alleged implied covenants remain.

Alta Medical says TriSalus breached the implied covenants by (1) "inducing Alta Medical to enter into a contract it had no intention of keeping," (2) "wrongfully terminating the Agreement for an improper purpose," (3) "failing to provide notice of any breach and an opportunity to cure," (4) "failing to disclose its obligations with its investors to have $50,000,000 in revenue by 2022," and (5) "engaging in unprofessional and dishonest conduct."[18] The third allegation, if true, is a breach of an express—not an implied—covenant. The first and fifth allegations are vague allegations of bad faith, which are insufficient. And the fourth allegation provides context and possible motive for the termination, but it is not a violation of either of the implied covenants. Nor does it prevent Alta Medical from receiving the fruits of the bargain.

---

[14] *Id.*

[15] *Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*, 112 A.3d 878, 896 (Del. 2015).

[16] *Kuroda*, 971 A.2d at 888.

[17] Docket No. 7-1, ¶ 58.

[18] *Id.* at ¶ 59.

Only Alta Medical's second allegation is sufficient to support the claim. Under Delaware law, a breach of the implied covenant of good faith and fair dealing survives a motion to dismiss if the plaintiff alleges "that the termination decision was motivated by an improper purpose."[19] Alta Medical alleges that TriSalus wrongfully terminated the Agreement for the improper purpose of cutting Alta Medical out of the distribution process and allowing TriSalus to sell products directly.[20] The facts plausibly show TriSalus terminated the Agreement for an improper purpose in violation of an implied covenant, so the Court will deny the Motion as to Count II.

B. Unjust Enrichment

Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."[21] "A claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim."[22] TriSalus argues that the Court should dismiss the claim because the parties have a contract. Alta Medical responds that the claim should not be dismissed because Federal Rule of Civil Procedure 8(d) allows plaintiffs to allege alternative and inconsistent claims. However, Rule 8(d) cannot save a claim that is not adequate as a matter of law.

---

[19] *Sheehan v. AssuredPartners, Inc.*, No. 2019-0333-AML, 2020 WL 2838575, at *11 (Del. Ch. May 29, 2020); *see also Smith v. Scott*, No. 2020-0263-JRS, 2021 WL 1592463, at *8 (Del. Ch. Apr. 23, 2021); *DG BF, LLC v. Ray*, No. 2020-0459-MTZ, 2021 WL 776742, at *15 (Del. Ch. Mar. 1, 2021).

[20] Docket No. 7-1, ¶¶ 39, 59.

[21] *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010) (internal quotations and citations omitted).

[22] *Kuroda*, 971 A.2d at 891.

The Complaint says Alta Medical conferred a benefit on TriSalus by "entering into the Agreement" and taking actions to fulfill its obligations under the Agreement.[23] As a matter of law, entering into and performing obligations under an express, written contract like the Agreement cannot possibly establish an unjust enrichment claim. Therefore, Alta Medical has not sufficiently alleged the claim, and the Court will dismiss Count III. Because an amendment would not necessarily be futile, the Court will dismiss without prejudice.[24]

C. Tortious Interference with Economic Relations

Alta Medical acknowledges that Count IV is a claim for tortious interference with prospective economic advantage despite being labeled as tortious interference with economic relations.[25] In Delaware, tortious interference with prospective economic advantage requires a plaintiff to allege "'(a) the reasonable probability of a business opportunity, (b) the intentional interference by defendant with that opportunity, (c) proximate causation, and (d) damages.'"[26] Typically, a tortious interference with prospective economic advantage claim exists "where a claimant has a reasonable probability of a business opportunity that is intentionally interfered with *by a third party* to the detriment of the claimant."[27]

Alta Medical argues that the business opportunities with which TriSalus interfered are the opportunities to sell TriSalus's products to third-party customers. TriSalus is a primary party to the Agreement and the opportunities under it. In fact, those business opportunities only exist by

---

[23] Docket No. 7-1, ¶ 62.

[24] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[25] *See* Docket No. 10, at 15.

[26] *Kuroda*, 971 A.2d at 886–87 (quoting *DeBonaventura v. Nationwide Mut. Ins. Co.*, 428 A.2d 1151, 1153 (Del. 1981)).

[27] *DG BF*, 2021 WL 776742, at *18 n.145 (emphasis added); *see also* Restatement (Second) of Torts § 766B.

virtue of the Agreement with TriSalus. Essentially, Alta Medical claims that TriSalus interfered with Alta Medical's opportunity to benefit from the Agreement, which sounds suspiciously like a breach of contract claim. Thus, Alta Medical has not adequately alleged a business opportunity with a third party.

Furthermore, Alta Medical fails to allege a reasonable probability of a business opportunity. "To be reasonably probable, a business opportunity must be something more than a mere hope or the innate optimism of the salesman."[28] At a minimum, Alta Medical "must identify the parties and subject matter of the business opportunity to which it had a reasonable expectancy."[29] The Complaint does not reference customers at all, let alone identify customers with whom it had a prospective business opportunity. At best, Alta Medical implies it hoped to sell TriSalus's products to somebody. This is not a reasonably probable third-party business opportunity, and there are no other business opportunities affected by the termination of the Agreement. Therefore, the Court will dismiss Count IV with prejudice.

D.  Punitive Damages

In Delaware, "punitive damages are not recoverable for breach of contract unless the conduct also amounts independently to a tort."[30] The parties agree that Alta Medical cannot recover punitive damages if it cannot sustain its claim for tortious interference with prospective

---

[28] *World Energy Ventures, LLC v. Northwind Gulf Coast LLC*, No. N15C-03-241 WCC, 2015 WL 6772638, at *7 (Del. Super. Ct. Nov. 2, 2015).

[29] *Data Ctrs., LLC v. 1743 Holdings LLC*, No. N15C-02-041 EMD CCLD, 2015 WL 9464503, at *9 (Del. Super. Ct. Oct. 27, 2015).

[30] *Bhole, Inc. v. Shore Invs., Inc.*, 67 A.3d 444, 454 (Del. 2013) (internal quotations and citations omitted).

economic advantage.[31] As explained, the Court will dismiss that claim with prejudice, so it will also strike Alta Medical's request for punitive damages.

## IV.   CONCLUSION

It is therefore

ORDERED that Defendant's Partial Motion to Dismiss Counts II, III, and IV and to Strike Request for Punitive Damages (Docket No. 7) is GRANTED IN PART AND DENIED IN PART as detailed above.

DATED  July 26, 2021.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[31] Docket No. 7, at 13; Docket No. 10, at 17–18; Docket No. 15, at 11.